## HUEBEL *v.* BERNARD.

### PATENTS; INTERFERENCE.

Where one employs another to make a device, pointing out the distinct and dominating feature of his improvement, but does not make anything resembling a perfect drawing for the guidance of the other, or describe the proposed construction in detail, the maker of the device is not entitled to claim the invention, although by reason of his mechanical skill he may have made a neater and more perfect device than was in the mind of his employer.

No. 133. Patent Appeals. Submitted November 14, 1899. Decided December 6, 1899.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Chas. Cowles Tucker* and *Mr. George H. Evans* for the appellant.

*Mr. H. A. Seymour* and *Mr. A. W. Bright* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appeal in this case is from a decision of the Commissioner of Patents in an interference case awarding priority to William Bernard of invention of an improvement in soap and sponge holders for attachment to bathtubs.

The issue of the controversy was thus defined in the Patent Office:

"1. As an article of manufacture, a combined holder comprising a rectangular top frame which constitutes the

upper open portion of the holder, a cross-wire secured to this frame for dividing it into sections, receptacles of different depths depending from each of these sections, the back of the deeper section constituting an extended bearing to rest against a support, and hangers extending above the rectangular frame for supporting the holder and retaining the back in position against its support.

" 2. A combined sponge and soap holder comprising an open, horizontal, oblong frame, provided at its rear longitudinal edge with attaching or suspension devices, a series of wires having short upturned ends secured to one end of the frame and forming a shallow, depressed soap holder, and another series of wires having upturned ends of greater length than those of the first series and secured to the remaining larger portion of the said frame and forming a depressed sponge holder of greater depth and width than the soap holder."

Otto H. Huebel is the senior party, his application having been filed September 25, 1897. That of Bernard was filed four days later. Huebel's preliminary statement alleges conception in April, 1896; disclosure to others and construction of full sized model in August, 1897, and reduction to practice in August, 1897. Bernard alleges conception in November or December, 1895; disclosure to others in December, 1895, or January, 1896, making of drawings and order of model in July, 1897; and reduction to practice in August, 1897.

The gist of the controversy, as developed by the evidence, is well stated in the decision of the Commissioner. " The testimony shows and it is admitted by both parties that the first device embodying the invention was made by Huebel, but each party claims that device as his reduction to practice. The ground upon which Bernard bases that claim is that he disclosed the invention to Huebel, and that it was upon his request that Huebel made it. The whole case, therefore, turns upon the question as to whether or not

Bernard did in fact explain the invention in issue to Huebel and employ him to construct the device."

Bernard was a member of a firm (Bernard & Frank), whose business, carried on in New York, was the jobbing sale of novelties of the character of this invention and others. He was something of a mechanic, having spent some years of his youth as apprentice and journeyman in shops of manufacturing jewelers. He was traveling salesman for his firm at the time that he claims to have had his conception of the invention of the issue, and claims that it was suggested by objections raised to a soap and sponge holder which was on sale by his firm.

The objection was that the holder being too low in the bathtub was in the way and suffered the drip of the soap box to fall on the sponge. He claims to have conceived the idea embodied in the issue to meet this objection, and to have explained it to Huebel in giving him an order for the construction of a full size model, on August 13, 1897.

Huebel and his partner, Manger, had a shop in Brooklyn, where they manufactured electrical and brass goods, bathroom specialties, and novelties. Huebel was the inventor of the soap and sponge holder that was on sale by Bernard & Frank. He assigned the patent to Frank under an agreement that he should manufacture the device for his firm. It is this that was intended to be improved upon by both him and Bernard. Huebel admits that Bernard asked him to make a model of a new holder about August 13, 1897, but denies that he gave him either drawing or special description at the time. He claims to have conceived the idea of the improvement more than a year before this, and that the model which he made and delivered to Bernard on August 27, 1897, was an embodiment of his own independent conception. And he has undertaken to show that the device which Bernard had in mind and explained to him on August 20 was a very different construction.

The chief reliance of each party is upon his own state-

ments as a witness, though there was some important evidence of other witnesses and of documents offered in corroboration.

From an examination of this evidence, which, after the careful review it has received in the tribunals of the Patent Office, it would be supererogation to repeat, we agree with the Commissioner in the conclusion that Bernard has overcome the burden of proof imposed upon him by the earlier application of Huebel and has successfully established his claim to the award.

Whether Huebel had an independent conception of the improvement, it is immaterial to consider. Grant that he had, and still he made no attempt to give it practical form until after he had the request of Bernard for the new model, notwithstanding his knowledge and appreciation of the objections to the old device and possession of the time and means to develop the idea.

The positive statement of Bernard, that he fully explained his idea to Huebel, and substantially described the desired construction, which Huebel embodied in the full size model delivered on August 27, 1897, is made reasonably certain by the correspondence between him and Huebel between the dates of suggestion and completion—namely, August 13 and 27.

The statements contained in these letters, which were confessedly written and received, have not been explained or accounted for by Huebel upon any theory consistent with his claims.

There is one other question that arises on the contention of the appellant. Bernard does not profess to have made anything resembling a perfect drawing for the guidance of Huebel when he ordered the construction of the improved holder, or to have described the proposed construction in detail. He pointed out the distinctive and dominating feature of his improvement, which was the arrangement of a rectangular frame, with the small soap box at the end of the longer sponge rack, to be fastened to or suspended above

the bath tub.	He reasonably accounts for the lack of particularity of detail by saying that he was talking to a mechanic familiar with the devices then in use and the ordinary modes of fastening or suspending them, and one who had been engaged in manufacturing one kind of combination holder for Bernard & Frank, as well as other novelties, for their sale.

Now, it is reasonable to believe, and doubtless true, that Huebel, by means of his mechanical skill and knowledge of the art, has made a neater and more nearly perfect device than that in the mind of Bernard, at the time of the communication of his idea; but it does not follow that he is entitled to claim the invention on that ground. The improvement has been declared a patentable novelty; but considering the state of the development of the art at the time, it must be admitted that the remaining room for the exercise of inventive genius was contracted and narrow.

Whatever additional improvement may have been made by Huebel, in the course of construction, could have been the result of ordinary mechanical skill and nothing more. There was scarcely room left for a novel arrangement reaching the dignity of invention.

An inventor who employs a mechanic to embody his conception in practical form retains his exclusive right to the perfected improvement, notwithstanding the perfection is partly due to the exercise of the mechanical skill of the employee. The latter must invent something, not merely improve, by the exercise of his mechanical skill, upon a conception which he has been employed to work out. *Agawam Co.* v. *Jordan,* 7 Wall. 583, 603; *Milton* v. *Kingsley,* 7 App. D. C. 531, 537.

For the reasons given the decision of the Commissioner is affirmed; and this decision and the proceedings in this court are ordered to be certified to the Commissioner of Patents, as required by the law.		*Affirmed.*

The Chief Justice did not sit in the hearing of this case.